**William T. IRWIN, Plaintiff,**

v.

**J. Michael QUINLAN, et al., Defendants.**

**Civ. A. No. 291–05.**

United States District Court,
S.D. Georgia,
Brunswick Division.

May 14, 1992.

William T. Irwin, pro se.

Paul Gregory Justice, Ruth Hearn Young, Savannah, Ga., for defendants.

## ORDER

ALAIMO, District Judge.

Plaintiff William T. Irwin brings this action against several officials of the Bureau of Prisons (the "Bureau") pursuant to the authority of *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Before the Court is defendants' supplemental motion to dismiss Irwin's complaint for failure to exhaust administrative remedies. For the reasons discussed below, defendants' motion will be granted.

## FACTS

Irwin, an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed this *pro se* action against various officials of the Bureau. In his amended complaint, Irwin seeks monetary, injunctive, and declaratory relief for alleged violations of his constitutional rights, *see* 42 U.S.C. § 1983, and for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. § 1961 *et seq.* In general, Irwin complains that defendants have committed the following acts: (1) conspired to cause Irwin to fail in certain legal proceedings, (2) denied Irwin access to witnesses and legal materials, and (3) demonstrated delib-erate indifference to his medical needs. Defendants move to dismiss this complaint on the basis that Irwin did not exhaust the Bureau's grievance procedure.

## DISCUSSION

The Bureau's grievance procedure is a three-tiered process whereby an inmate may seek redress for the alleged deprivation of any right. *See generally* 28 C.F.R. § 542.10. The process begins with the inmate attempting to informally resolve the complaint with a staff member. 28 C.F.R. 542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the Warden. 28 C.F.R. 542.13(b). This complaint must be filed within fifteen days from the date on which the basis for the complaint occurred. *Id.* However, if the inmate demonstrates a valid reason for delay in filing, an extension in filing time shall be allowed. *Id.* If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within twenty days. 28 C.F.R. 542.15. If the inmate remains unsatisfied, the inmate has thirty days from the date of the Regional Director's response to appeal to the General Counsel. *Id.*

Generally, where administrative remedies are available to prisoners, an inmate must exhaust the proper administrative channels before presenting his grievance for judicial review. *E.g., Pyles v. Carlson*, 698 F.2d 1131, 1132 (11th Cir. 1983). This exhaustion of administrative remedies requirement "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. ——, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992).

In *McCarthy*, the Supreme Court recently addressed the exhaustion requirement in the context of a *Bivens* action in which the prisoner sought money damages only. The Court held that exhaustion of the Bureau's internal grievance procedure was not required where a prisoner seeks solely monetary relief. The question remains, after *McCarthy*, whether an exhaustion of remedies requirement is appro-

priate in a case such as the present one where the prisoner seeks both monetary and injunctive relief.

*McCarthy* offers some guidance on this issue. The *McCarthy* Court stated that "[i]n determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy*, 503 U.S. at ——, 112 S.Ct. at 1087, 117 L.Ed.2d at 300. Applying that test to the present case, this Court finds that the institutional interests outweigh the individual interests; thus, an exhaustion of remedies requirement is appropriate.

The institutional interests in this case are stronger than those in *McCarthy*. As was acknowledged in *McCarthy*, "the Bureau has a substantial interest in encouraging internal resolution of grievances and in preventing the undermining of its authority by unnecessary resort by prisoners to the federal courts." 503 U.S. at ——, 112 S.Ct. at 1092, 117 L.Ed.2d at 306. Unlike *McCarthy*, this interest is particularly significant here because Irwin's complaints regarding his access to legal materials relate directly to the Bureau's authority to manage and control the federal prisons. Moreover, the Bureau is likely to have "special expertise" on this issue. *See McCarthy*, 503 U.S. at ——, 112 S.Ct. at 1092, 117 L.Ed.2d at 306.

The interests of judicial economy are also likely to be advanced substantially by the grievance procedure. For example, the procedure may offer a form of limited factual discovery that may facilitate later proceedings in federal court. More importantly, the procedure may resolve the dispute. In the present case, the portion of Irwin's claim seeking injunctive relief might be resolved by affording the Bureau "the opportunity to correct its own errors." *McCarthy*, 503 U.S. at ——, 112 S.Ct. at 1086, 117 L.Ed.2d at 300. Since the Bureau's grievance procedure does not provide for money damages, this potential for dispute resolution was not implicated in *McCarthy*.

These strong institutional interests outweigh Irwin's individual interests in "retaining prompt access to a federal judicial forum." In this regard, the present case is readily distinguished from *McCarthy*. The crucial distinction is that *McCarthy* involved a claim seeking solely money damages, a remedy not available under the Bureau's grievance procedure. Requiring exhaustion in *McCarthy* would have forced the prisoner to engage in an administrative process that offered no hope of satisfying his grievance. In the instant case, Irwin seeks both monetary and injunctive relief. With respect to Irwin's claim for injunctive relief, the Bureau's grievance procedure is capable of providing Irwin a prompt and satisfactory remedy. An exhaustion of administrative remedies requirement is therefore appropriate. *See McCarthy*, 503 U.S. at —— n. 5, 112 S.Ct. at 1091 n. 5, 117 L.Ed.2d at 305 n. 5.

## CONCLUSION

In summary, the institutional interests favoring imposition of an exhaustion requirement upon Irwin outweigh his individual interests. Accordingly, defendants' supplemental motion to dismiss for failure to exhaust administrative remedies is GRANTED. Irwin's action is hereby DISMISSED WITHOUT PREJUDICE. The Clerk of Court shall enter an appropriate judgment of dismissal without prejudice.

SO ORDERED.