Anthony **MITCHELL**, Plaintiff,

v.

James H. **SHOMIG**, Vera **Coleman**, and Mr. **Burns**, Defendants.

No. 95 C 7595.

United States District Court, N.D. Illinois, Eastern Division.

March 20, 1997.

Anthony Mitchell, Joliet, IL, pro se.

Bradford Lee Livingston, Sari M. Alamuddin, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for Anthony Mitchell.

Amy S. Ratterree, Angela Coumas, Illinois Attorney General's Office, Chicago, IL, for James H. Shomig, Donald Burns.

Susan Takata O'Leary, Illinois Dept. of Corrections, Chicago, IL, for Vera Coleman.

## *MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

Plaintiff Anthony Mitchell brings this action pursuant to 42 U.S.C. § 1983 seeking damages for the conditions of his confinement in I–House segregation unit at the Stateville Correctional Center. Named as defendants are assistant warden James H. Schomig,[1] unit manager Vera Coleman, and correctional officer Donald Burns. Before the court is defendants Burns and Schomig's motion to dismiss the complaint for failure to state a claim upon which relief may be granted and the state's request to dismiss defendant Coleman pursuant to Fed.R.Civ.P. 4(m) for want of timely service.

Mitchell alleges defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by exposing him to extreme cold while confined in a segregation cell during December 1995. According to the complaint, the temperature in Mitchell's cell ranged down to between 32 and 50 degrees. Mitchell attributes the lack of heat to the placement of his cell at the end of the gallery and improperly installed windows that allowed cold air to blow into the cell. Mitchell claims the cold air caused his extremities to go numb and prevented him from sleeping. The only way for him to stay warm was to wear extra clothing and wrap himself up in his mattress. Mitchell avers each defendant failed to take any remedial action when he informed them of the conditions in his cell. Defendant Burns informed Mitchell that he could not be moved because no other cells were available.

Contending the allegations do not state a claim for relief under the Eighth Amendment, defendants Burns and Schomig move to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). They also argue that Mitchell cannot hold them liable in their personal capacities because he fails to sufficiently allege their personal involvement in the claim and that the claim against them in their official capacities must be dismissed as barred by the Eleventh Amendment. Finally, defendants urge the court to dismiss the complaint for Mitchell's failure to exhaust administrative remedies as required by Section 803 of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), amending 42 U.S.C. § 1997e(a). Before addressing these defenses, however, the court reviews the standards governing a motion to dismiss.

Dismissal for failure to state a claim is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When deciding a motion to dismiss, the court must accept as true all of plaintiff's well pleaded factual allegations. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Zarnes v. Rhodes,* 64 F.3d 285, 289 (7th Cir.1995). In construing those well pleaded factual allegations, the court must give plaintiff the benefit of every reasonable inference that may be drawn from the facts. *Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir.1981). The liberality accorded the complaint is even more pronounced where, as here, plaintiff is proceeding without the benefit of an attorney. *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir.1996).

Defendants contend that the conditions alleged in the complaint are not so objectively harsh as to give rise to a claim of cruel and unusual punishment. Arguing that prisoners cannot expect all the amenities and services of a good hotel, they assert that the inconvenience of having to wear an extra jacket during the winter months is not enough to give rise to an actionable Eighth Amendment claim. With rhetorical flourish, defendants' counsel asks, "During the winter, who one of us has not experienced cold hands and feet or needed an extra blanket in our homes when the wind is howling at our window?" Such bombast is inappropriate here. The court is obligated to draw all reasonable inferences from the facts in favor of plaintiff,

---

**1.** Mitchell apparently has misspelled defendant's name in the caption as "Shomig." The court will refer to him in this opinion by his proper name, "Schomig."

not defendants. The court has little difficulty in concluding that defendants violated Mitchell's Eighth Amendment rights if, as he intimates, they exposed him for an extended period to temperatures hovering around 50 degrees or colder.

■ The Eighth Amendment imposes upon prison officials the duty to "provide humane conditions of confinement; [they] must ensure that inmates receive adequate food, clothing, shelter, and medical care...." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). The right to adequate shelter encompasses the right to adequate heat. *See Henderson v. DeRobertis*, 940 F.2d 1055, 1059 (7th Cir. 1991), *cert. denied*, 503 U.S. 966, 112 S.Ct. 1578, 118 L.Ed.2d 220 (1992). Allegations that defendants confined an inmate in a bitterly cold cell with broken windows is enough to support "an inference that prison officials failed to provide adequate heat and shelter." *Del Raine v. Williford*, 32 F.3d 1024, 1035 (7th Cir.1994); *see also Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir.1995) (confinement in cold cell without clothes and heat for a week and a half in middle of November states claim); *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir.1987) (claim that prison administrators allowed cell temperatures to fall at times to between 52 and 54 degrees during December and January remanded for further proceedings). Although defendants attempt to impugn the veracity of Mitchell's claim by noting his failure to allege any significant injury, *Del Raine* makes clear that the Eighth Amendment requires protection from severe discomfort as well as frostbite and hypothermia. 32 F.3d at 1035. Mitchell's allegations of severe discomfort are sufficient to withstand a motion to dismiss.

■ Defendants further contend that Mitchell's allegation that defendants failed to act despite personal knowledge of the conditions in his cell is insufficient to establish either the deliberate indifference required by the subjective prong of the Eighth Amendment or the personal involvement required to establish individual liability generally. *Gentry v. Duckworth*, 65 F.3d 555 (7th Cir.1995) set out the causation test:

> To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.... [A]n official satisfies the personal responsibility requirement of section 1983 ... if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye....

*Id.* at 561 (citations and internal quotations omitted). Mitchell alleges that he informed defendants of the conditions in his cell, that they were in a position to alleviate those conditions, and that they refused to take any action.[2] These allegations are plainly enough to establish defendants' personal responsibility for the conditions of Mitchell's cell under *Gentry*.

■ As defendants point out, Mitchell must not only allege facts linking defendants personally to the conditions of his cell, but also allege facts evidencing a deliberate indifference to those conditions. A claim of cruel and unusual punishment under the Eighth Amendment requires a specific intent as well as a showing of exposure to an objectively serious risk of substantial harm. That specific intent is one of deliberate indifference, which the Supreme Court has defined as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. To establish deliberate indifference, a prison inmate "need not show that prison officials

---

2. Although the complaint does not specifically allege that Schomig had actual knowledge of the conditions of Mitchell's cell, he does make that representation in his responsive brief. Doc. 24, p. 12. Given Mitchell's pro se status, the court will treat this additional allegation as a part of the complaint. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555–56 (7th Cir.1996).

intended, hoped for, or desired the harm that transpired." *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir.1996). "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842, 114 S.Ct. at 1981. Thus, a prison official who fails to take any action whatsoever to ensure that an inmate is not exposed to health-threatening cold temperatures over a significant period of time acts with deliberate indifference. *See Isby v. Clark*, 100 F.3d 502, 505–06 (7th Cir.1996) (defendants close enough to situation to be aware that inmate kept in a cell so cold he had chills and could not keep warm have the subjective state of mind required by the Eighth Amendment); *Del Raine*, 32 F.3d at 1036–38. Therefore, accepting all the facts alleged as true and drawing all reasonable inferences therefrom in favor of plaintiff, the court concludes that Mitchell states a claim for relief under the Eighth Amendment against defendants in there individual capacities.[3]

Defendants, however, are not subject to liability in their official capacities. Mitchell concedes that the doctrine of sovereign immunity bars the official capacity claims. The court therefore dismisses all official capacity claims against defendants.

■ In their motion to dismiss, defendants assert that the case is now moot because the "matter was resolved through an administrative procedure." Doc. 17, p. 8. They follow that argument with the seemingly contradictory contention that "no inmate can bring a prison conditions suit unless he has exhausted his available administrative remedies." *Id.* Aside from a citation to the PLRA, defen-

dants do not elaborate any further on this defense in their motion. Citing *Patsy v. Florida Bd. of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), Mitchell responded with a footnote stating that he did not have to exhaust administrative remedies before seeking relief under § 1983. In their reply brief, defendants for the first time mount a full scale attack on the complaint on grounds Mitchell failed to exhaust administrative remedies prior to bringing suit as required by the amended 42 U.S.C. § 1997e. Because those amendments took effect after Mitchell began this action, the first question to resolve is whether the amendments can be applied retroactively.

The PLRA took effect on April 26, 1996. It amended § 1997e(a) to read: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prior law allowed for, but did not require exhaustion. It permitted a federal court to stay a prisoner's case for a prescribed period to give the prisoner an opportunity to exhaust administrative remedies only if the Attorney General had previously certified or a court had previously determined that those remedies were in compliance with "minimum acceptable standards" promulgated by the Attorney General. *See Lewis v. Meyer*, 815 F.2d 43, 44 (7th Cir.1987). The administrative grievance procedures of the Illinois Department of Correction had never received the necessary certification prior to enactment of the PLRA.

---

**3.** The court notes that Judge Charles P. Kocoras reached a contrary decision on a complaint practically identical to the one filed here. *Steele v. Schomig*, 96 C 99, 1996 WL 599640 (N.D.Ill. Oct. 10, 1996). Judge Kocoras held that plaintiff in that case did not allege a claim because he had protection from wind, cold, and snow as well as extra blankets and clothing with which to keep warm. He further held that Burns was not deliberately indifferent because he gave blankets to plaintiff. He dismissed Coleman for plaintiff's failure to allege specific facts describing how Coleman received personal knowledge of the conditions in his cell.

The complaint in this case, read in the light most favorable to Mitchell, cannot support a

conclusion that plaintiff had ample means to keep himself warm or that Burns took affirmative steps to make sure that Mitchell had blankets to protect himself from the cold. If defendants have evidence to support such a finding, then they should seek to have the complaint dismissed on a summary judgment motion. As for the lack of personal involvement on the part of Coleman, the court respectfully disagrees with Judge Kocoras. The federal courts operate under a system of notice pleading. Under this system, a complaint need not affirmatively allege a defendant's precise role in perpetrating a constitutional wrong to survive a motion to dismiss. *Palmer v. Bd. of Educ. of Community Unit School Dist. 201–U*, 46 F.3d 682, 688 (7th Cir.1995).

■ When Congress has not explicitly provided for retrospective application of a statute, the courts will apply the law in force at the time of the decision unless "the new provision attaches new legal consequences to events completed before its enactment." *Lindh v. Murphy,* 96 F.3d 856, 861 (7th Cir.1996) (en banc), *cert. granted in part,* —— U.S. ——, 117 S.Ct. 726, 136 L.Ed.2d 643 (quoting *Landgraf v. USI Film Products,* 511 U.S. 244, 270, 114 S.Ct. 1483, 1499–1500, 128 L.Ed.2d 229 (1994)). Or, as Judge Posner put it in *Reyes–Hernandez v. INS,* 89 F.3d 490, 492 (7th Cir.1996), "[i]f a new procedural or jurisdictional provision would if applied in a pending case attach a new legal consequence to a completed event, then it will not be applied in that case unless Congress has made clear its intention that it shall apply." Defendants cite, and the court can uncover, no explicit directions from Congress to apply the exhaustion requirement retroactively. The question then is whether the application to this case would result in the "mousetrapping" of Mitchell. The court concludes that it would.

Defendants insist that the new exhaustion requirement should presumptively be given retroactive application because it is procedural rather than substantive. That distinction, however, has its limitations. *Landgraf,* 511 U.S. at 275 n. 29, 114 S.Ct. at 1502 n. 29. As the Seventh Circuit illustrated in *Burris v. Parke,* 95 F.3d 465, 469 (7th Cir.1996) (en banc), the "mousetrapping" principle would apply to a contract case "in which a new law required plaintiffs to plead their claims with particularity, and the defendant moved to dismiss on the ground that the plaintiff, who had filed his complaint years before the new law was enacted, had failed to comply with it." That is precisely the type of case here. Mitchell had absolutely no legal obligation to exhaust his administrative remedies at the time he commenced his case. A new law now mandates that an inmate exhaust available remedies before bringing suit. After that

law took effect, defendants moved to dismiss the case for plaintiff's failure to exhaust. Following *Landgraf* and the Seventh Circuit's "mousetrap" rule, the court declines to apply the new procedural exhaustion requirements to cut off Mitchell's substantive rights. He may proceed with his claims.

■ In any event, under the circumstances of this case, it would appear that Mitchell has now exhausted all his "available" administrative remedies. The record reflects that Mitchell had an administrative grievance pending at the time he commenced this case. Finding that the issue raised in the grievance "was addressed," the grievance officer recommended that no further action be taken. The warden concurred with that recommendation on January 2, 1996. An Illinois inmate has only thirty days to file an appeal from the disposition of a grievance at the institutional level. 20 Ill.Admin.Code § 504.850. Although Mitchell apparently did not take this final step, the time for pursuing a further appeal had long since passed by the time defendants filed their motion to dismiss. Because plaintiff has no further administrative remedy available to him, dismissal is not required under § 1997e(a). To hold otherwise would affix a waiver penalty to the exhaustion requirement that is not supported by either the language or the sparse legislative history of the 1996 amendment.[4]

■ The last issue for the court to address is defendant Coleman's request for dismissal under Fed.R.Civ.P. 4(m). The United States Marshals Service made a return of service indicating he had legal evidence that Coleman had been served on April 18, 1996. Noting the conflict between defendants' motion and the Marshal's return, the court entered an order directing the Marshal to file an affidavit amplifying the steps it took to serve Coleman. It would appear from that affidavit that the Marshal never personally served Coleman with process. Indeed, the state in its reply brief now contends that

4. The Fifth Circuit, however, gave district courts discretion to dismiss an inmate case under the old § 1997e exhaustion requirement when the inmate failed to make a good faith effort to seek timely administrative relief. *Marsh v. Jones,* 53 F.3d 707, 710 (5th Cir.1995). But that same case would foreclose dismissal here since Mitchell's § 1983 complaint seeks only damages, which do not appear to be available through the state grievance system. *Id.; see also Pratt v. Hurley,* 79 F.3d 601, 603 (7th Cir.1996).

Vera Coleman is a fictitious person and that no one by that name is in the employ of the Stateville Penitentiary.

 Fed.R.Civ.P. 4(m) requires service of defendants within 120 days. If service is not accomplished within that time, the court shall dismiss the unserved defendant without prejudice. If the plaintiff shows good cause for the failure, however, the court can extend the time for service. Because pro se inmates must rely on the Marshal for service, delays in service attributable to the Marshal automatically constitute "good cause" preventing dismissal under Rule 4(m). *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir.1995). Mitchell cannot be penalized for the delay in service here as the Marshal informed him, and the court, that Coleman had been served. Accordingly, the request to dismiss Coleman under Rule 4(m) is denied.

The court, however, is now faced with a dilemma. Mitchell obviously cannot sue a fictitious person, but the court has nothing to verify that she does not exist. The court has an obligation to assist a pro se plaintiff in identifying the proper defendants to ensure that the litigant receives full and fair consideration of colorable claims. *Donald*, 95 F.3d at 555–56. Therefore, the court orders defendants' counsel to file within twenty days an affidavit from an appropriate correctional official certifying that no one by the name of Vera Coleman, or any similar such name, worked at Stateville during the months of November and December 1995. Once the court receives verification, it will dismiss Coleman and take whatever further steps are necessary to aid plaintiff in identifying the proper defendant.

In conclusion, the court grants defendants' motion to dismiss with respect to the official capacity claim and denies it in all other respects. Plaintiff's motion for summary judgment is denied. Defendants' counsel is given twenty-one days to file affidavit as directed in this order. Defendants Schomig and Burns are given twenty-one days to answer the complaint. Counsel will be appointed to represent plaintiff in this case. This matter is set for a report on status on May 28, 1997, at 9:00 a.m.