James E. DAVIS, Plaintiff,

v.

Joe WOEHRER, et al., Defendants.

No. 98–C–0305.

United States District Court,
E.D. Wisconsin.

Jan. 21, 1999.

James E. Davis, plaintiff pro se.

Michael Losse, Asst. Atty. Gen., Madison, WI, for defendant.

### MEMORANDUM AND ORDER

ADELMAN, District Judge.

James E. Davis, a state prisoner currently incarcerated at Waupun Correctional Institution (WCI), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. The plaintiff was allowed to proceed *in forma pauperis* on a claim that the defendants violated his Eighth Amendment right to be free of cruel and unusual punishment by knowingly ordering him to operate a meat slicer without the proper training. Davis claims that his lack of experience and training caused him to become severely injured while operating the meat slicer.

The defendants have filed a motion to dismiss arguing that the plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). In opposition, the plaintiff has filed a "motion to strike defendants' motion to dismiss". This court will construe the plaintiff's motion as a response to the defendants' motion to dismiss.

### MOTION TO DISMISS

Prior to the enactment of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996), prisoners were not statutorily required to exhaust their administrative remedies before bringing actions under 42 U.S.C. § 1983. Instead, district courts could stay cases and require the exhaustion of any available "plain, speedy, and effective" remedies if exhaustion was deemed appropriate and in the interests of justice. 42 U.S.C. § 1997e(a)(1) (1994) (amended 1996). This is no longer the case. In an effort to reduce frivolous and abusive prisoner litigation, Congress passed the PLRA and created a mandatory exhaustion requirement. See, e.g. *Rivera v. Allin*, 144 F.3d 719, 727–28 (11th Cir.1998).

Currently, 42 U.S.C. § 1997e(a) states as follows:

**Applicability of Administrative Remedies.** No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Wisconsin, the Inmate Complaint Review System (ICRS) within the prison is the administrative remedy available to inmates with complaints about prison conditions. Wis.Admin.Code DOC § 310.08. An inmate may file a complaint with the inmate complaint investigator (ICI). *Id.* at § 310.06. The ICI then investigates the complaint and makes a recommendation to the superintendent who renders a decision. *Id.* at § 310.06(2) & (3). The inmate may appeal an adverse decision to the Corrections Complaint Examiner (CCE) who then investigates and makes a recommendation to the Secretary of the Department of Corrections. *Id.* at § 310.06(4) & (5). The Secretary of the Department of Corrections may adopt or reject the recommendation. *Id.* at § 310.14(2).

The defendants argue that the plaintiff failed to exhaust his administrative remedies by first filing an untimely grievance and then failing to file an appeal with the Corrections Complaint Examiner. (Defendants' brief, p. 2). Davis does not dispute this. However, the plaintiff argues that exhaustion is not required when it would be futile. (Response, p. 4). To support his argument, Davis maintains that he is only seeking money damages and the prison grievance system "does not provide for the award of money". (Response, p. 6).

Construing the pre-PLRA version of § 1997(e), the Supreme Court held that federal prisoners seeking solely monetary relief need not pursue administrative remedies prior to filing a private cause of action against prison officials. *McCarthy v. Madigan,* 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). This holding was largely premised on two facts: the Bureau of Prisons failed to provide an administrative remedy that allowed for the recovery of monetary damages and Congress did not require federal prisoners to exhaust their administrative remedies under § 1997e. *Id.* at 153–54, 112 S.Ct. 1081.

The Seventh Circuit has not yet decided whether the holding of *McCarthy* should be followed in light of the passage of the PLRA. Those courts which have reached the issue have produced mixed results. In one line of post-PLRA decisions, courts have determined that the holding of *McCarthy* still stands if the prison grievance system at issue does not allow for the recovery of monetary relief. *Whitley v. Hunt,* 158 F.3d 882, 887 (5th Cir.1998); *Garrett v. Hawk,* 127 F.3d 1263, 1267 (10th Cir.1997); and *Hollimon v. DeTella,* 6 F.Supp.2d 968, 970 (N.D.Ill.1998). Similarly, the question has been raised whether a grievance procedure that cannot award an injured prisoner monetary damages should be considered an "available" remedy within the meaning of the PLRA. *Moore v. Doan,* 1998 WL 887089, at *4 (N.D.Ill. December 10, 1998).[1]

Other courts have interpreted Congress's removal of the word "effective" from § 1997e(a) as an indication that Congress no longer wants courts to examine the effectiveness of administrative remedies and instead wants them to simply focus on whether there is an administrative remedy program "available" within the prison. See *Alexander v. Hawk,* 159 F.3d 1321, 1326 (11th Cir.1998) (federal prisoner required to exhaust administrative remedies in action for monetary and injunctive relief); *Funches v. Reish,* 1998 WL 695904, *8 (S.D.N.Y. October 5, 1998) (federal prisoner required to exhaust administrative remedies regardless of type of relief sought); *Moore v. Smith,* 18 F.Supp.2d 1360, 1364 (N.D.Ga.1998) (state prisoner required to exhaust administrative remedies with respect to claim for monetary damages). In essence, these courts view the amendments

---

**1.** Two courts in the Northern District of Illinois have chosen to read strictly the PLRA's "availability" requirement. *Mitchell v. Shomig,* 969 F.Supp. 487 (N.D.Ill.1997) and *Graves v. DeTella,* 1998 WL 196459 (N.D.Ill. April 17, 1998). In *Mitchell,* the court held that the prisoner had exhausted his administrative remedies because the time for filing an administrative appeal had passed and there were no further administrative remedies available to him at the present time. 969 F.Supp. at 492. Likewise, in *Graves,* the court refused to grant the defendants' motion to dismiss for failure to exhaust administrative remedies because the court determined that the defendants had not shown "any other remedies remain" available to Graves. 1998 WL 196459 at *3.

enacted by the PLRA as Congress's attempt "to close the gaps" discussed in *McCarthy. Funches,* 1998 WL 695904 at *8.

This court will follow the first line of cases and hold that, where a prisoner is pursuing only monetary damages and the prison grievance procedure does not provide for monetary relief, the exhaustion requirement of § 1997e(a) does not apply. The plain language of § 1997(e) requires only the exhaustion of "available" administrative remedies. Since the state prison grievance system at issue here is not "available" for the recovery of monetary damages, prisoners seeking only money damages will not be required to exhaust it.

The holding of *McCarthy* has survived in the plain language of the amended statute. Should lawmakers create an administrative remedy that is capable of providing monetary relief to prisoners, exhaustion will be required. In light of the fact that no such administrative remedy currently exists, the defendants' motion to dismiss for failure to exhaust administrative remedies will be denied.

### ORDER

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss or for summary judgment is **DENIED;**

**IT IS FURTHER ORDERED** that the plaintiff's motion to "strike" the defendants' motion to dismiss is **DENIED.**

To expedite a resolution of this action, this court will enter the following scheduling order.

**IT IS, THEREFORE, FURTHER ORDERED** that:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **May 14, 1999.**

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose the plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.

2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **June 4, 1999,** and in accordance with Local Rule 6.

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

   The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a general issue for trial." Fed.R.Civ.P. 56(e).

3. **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4. **Service.** Under Fed.R.Civ.P. 5(a), a copy of **every** paper or document filed with the court must be sent to opposing parties.