Kenneth S. ONAPOLIS, Plaintiff,

v.

**John J. LaMANNA, Warden, et al., Defendants.**

**No. 4:99 CV 1090.**

United States District Court, N.D. Ohio, Eastern Division.

Oct. 8, 1999.

Donald P. Mitchell, Jr., Kenneth S. Onapolis, Ravenna, OH, for Plaintiff.

Marlon A. Primes, Office of the U.S. Attorney, Cleveland, OH, for John J. La-Manna, Defendant.

James E. Doyle, Office of the Attorney General, Jane A. Benzschawel, Wisconsin Dept. of Justice, Madison, WI, for Lynn Woodson, William I. Lazar, Leaann Moberly, Shirley Champion, Gene Sterr, Defendants.

---

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Plaintiff's Motion For Reconsideration And Plaintiff's Response In Opposition To Defendant's Motion To Dismiss (Dkt.# 16), and upon Plaintiff's Motion For Reconsideration And Plaintiff's Response In Opposition To Defendant LaManna's Motion To Stay Judicial Proceeding (Dkt.# 17).

On September 3, 1999, the Court issued a Memorandum Opinion And Order (Dkt.# 15) granting the motion to dismiss (Dkt.# 11) filed on behalf of all but one of the defendants (hereinafter the "Wisconsin defendants"), and denying as moot the motion to stay judicial proceeding filed on behalf of defendant LaManna.[1] It is from this Order that Plaintiff now seeks reconsideration.

The Complaint (Dkt.# 1) and Amended Complaint (Dkt.# 15) (hereinafter collectively called the "Complaint") which the Court has dismissed without prejudice to refile in the event that Plaintiff first exhausts his administrative remedies[2], alleged that Plaintiff is currently confined at the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"). Dkt.# 1 at 2.

The Complaint also alleges that Plaintiff is also known to the defendants as Kenneth Scott Shong, under a certain enumerated Wisconsin Department of Corrections inmate number. Id. The Complaint alleges that defendant LaManna is acting as an "agent" of the Wisconsin defendants, and that he is sued in his "official" capacity. Id. The Wisconsin defendants are sued in their "official, as well as individual" capacities. Id. at 2–3. Plaintiff alleges that

"[a]ll defendants have acted, and continue to act, under color of *state* law at all times relevant to this complaint." Dkt.# 1 at 3 (emphasis added).

Factually, Plaintiff was sentenced in Wisconsin in 1989 to a term of incarceration for convictions on State theft and bad check offenses. Id. Subsequently, Plaintiff was charged with two counts of forgery by the State of Wisconsin, as a result of which he was again convicted and sentenced in Wisconsin. Id. Plaintiff was discharged on parole in 1992, and left the State of Wisconsin and moved to Ohio on March 12, 1993. Id. at 4.

Plaintiff further alleges that on or about March 12, 1993 he "contacted his parole agent, informing her of his intent to leave the State of Wisconsin," id., and that on or about February 21, 1997, "the plaintiff was arrested by the F.B.I. on tax related crimes." Id.

The Complaint alleges that on or about May 13, 1997, "the defendants lodged a detainer/warrant against the plaintiff." Id. According to the Complaint, Plaintiff was transferred to the Federal Bureau of Prisons on or about September 27, 1997 and, thereafter, on or about October 1, 1997, "the defendants reaffirmed the detainer/warrant against the plaintiff, with the Federal Bureau of Prison [sic]." Id.

Plaintiff claims in the Complaint that he has suffered various harms and damages as a proximate result of "the defendants' refusal to act upon their detainer/warrant in a timely fashion." Dkt.# 1 at 5 *et seq.*

For the reasons which follow, the Court denies Plaintiff's motions for reconsideration.

---

1. The Wisconsin defendants are William I. Lazar, Director of D.O.C. (Registrar); Leaann Moberly, Supervisor, Parole Div.; Shirley Champion, Parole Agent; Lynn Woodson, Parole Agent; and Gene Sterr, Parole Agent. The remaining defendant is John J. Lamanna, Warden of the Federal Correctional Institution in Elkton, Ohio.

2. The Court notes that Onapolis is serving a thirty-seven month federal sentence at Elkton and his projected release date, via Good Conduct Time, is February 5, 2000.

## I. Dkt.# 16

In Dkt.# 16, at 6,[3] Plaintiff states that "[t]he Defendant's [sic] claims are totally meritless and are contradicted by the facts, records in this case, Defendant's [sic] own admissions, and case law." Upon close review of Dkt.# 16, however, this statement is not correct.[4]

The problem for Plaintiff is that each of his citations to supposedly controlling legal authority in support of his position is "preempted" by the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996).[5] The language of 42 U.S.C. § 1997e(a) now prevents this Court from finding any of Plaintiff's cited precedents to be of any benefit to him. Plaintiff's failure to exhaust his administrative remedies before bringing his action under § 1983 requires this Court to overrule his motion for reconsideration and dismiss this case without prejudice. This is clear when the plain language of § 1997e(a) is considered: *"No action* (emphasis added) shall be brought with respect to prison conditions under section 1983 ..." until available administrative remedies are exhausted.

### A. Exhaustion Requirement

The Wisconsin defendants point out in their brief in support of their motion to

3. The Court notes that the pages of Dkt.# 16 are not numbered correctly; the page numbering goes from 1 to 6 (there are no page numbers 2–5).

4. The Court issued its Memorandum Opinion And Order dismissing this case without prejudice on September 3, 1999; Plaintiff did not file Dkt.# 16 and Dkt.# 17 until September 22, 1999. The Court specifically based the dismissal of this case on the ground that Plaintiff had failed to exhaust his administrative remedies prior to filing suit herein; nevertheless, Plaintiff addresses each and every basis for dismissal which Defendants raised in their pleadings, instead of simply focusing on the exhaustion basis. The Court concludes that under these circumstances, it need not address any basis for dismissal now addressed by Plaintiff in Dkt.# 16 other than the exhaustion basis.

Notwithstanding the foregoing, since Plaintiff is requesting the Court to reconsider its Order of September 3, 1999, the Court will

dismiss (Dkt.# 12), at 10, that in enacting 42 U.S.C. § 1997e(a), Congress imposed an exhaustion of remedies requirement. Prior to the enactment of the PLRA, prisoners were not statutorily required to exhaust their administrative remedies before bringing actions under 42 U.S.C. § 1983. *See, e.g., Davis v. Woehrer,* 32 F.Supp.2d 1078 (E.D.Wisc.1999):

> Instead, district courts could stay cases and require the exhaustion of any available "plain, speedy, and effective" remedies if exhaustion was deemed appropriate and in the interests of justice. 42 U.S.C. § 1997e(a)(1) (1994) (amended 1996). *This is no longer the case.* In an effort to reduce frivolous and abusive prisoner litigation, Congress passed the PLRA and created a *mandatory* exhaustion requirement. *See, e.g. Rivera v. Allin,* 144 F.3d 719, 727–28 (11th Cir. 1998).

Currently, 42 U.S.C. § 1997e(a) states as follows:

> Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional

also address additional bases for dismissal herein.

5. Prior to the passage of the PLRA, § 1997e granted district courts discretionary authority to dismiss 42 U.S.C. § 1983 cases for which the plaintiff had failed to exhaust "such plain, speedy, and effective administrative remedies as are available." 42 U.S.C.A. § 1997e(a)(1) (West 1996) (subsequently amended). The PLRA expanded § 1997e's coverage beyond § 1983 suits to actions under any federal law, removed discretion from district judges regarding whether to dismiss unexhausted claims, and amended § 1997e's exhaustion requirement by omitting the words "plain, speedy, and effective." 42 U.S.C.A. § 1997(e)(a) (West 1998). *See Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir. 1998); *also see Spence v. Mendoza,* 993 F.Supp. 785, 787 (E.D.Cal.1998).

facility until such administrative remedies as are available are exhausted. *Davis,* 32 F.Supp.2d at 1078–79 (emphasis added).

The Wisconsin defendants further point out that Congress defined "prison conditions" broadly. Dkt.# 12 at 10. 18 U.S.C. § 3626(g)(2) defines the term "civil action with respect to prison conditions" to mean "*any civil proceeding arising under Federal law* with respect to the conditions of the confinement *or the effects of actions by government officials on the lives of persons confined in prison,* but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison." (Emphasis added.)

Finally, the Wisconsin defendants assert: "There is an abundance of administrative remedies for federal prisoners, *see* 28 C.F.R. § 542.10, but plaintiff has failed to plead any attempt to exhaust them. Therefore, this action must be dismissed." Dkt.# 12 at 11. The Court agrees.

By its terms, the Administrative Remedy Program ("ARM") administered by the Bureau of Prisons ("BOP") "applies to all inmates confined in institutions operated by the Bureau of Prisons." 28 C.F.R. § 542.10. ARM is a "four-step administrative procedure by which 'inmates may seek formal review of an issue which relates to an aspect of their confinement ... if less formal procedures have not resolved the matter.' " *Funches v. Reish,* 1998 WL 695904, at *2 (S.D.N.Y.1998).

Furthermore, 28 C.F.R. § 542.15 sets forth three levels of appeal culminating in a "final administrative appeal" to the General Counsel of BOP. While sympathetic to the plight of Plaintiff, this Court is without authority to disregard the clear mandate of Congress expressed in 18 U.S.C. § 3626(g)(2).

■ In the final analysis, the Complaint boils down to a civil action arising under § 1983 with respect to the effects of actions by government officials on the life of Plaintiff while he is confined in prison.[6] *See* 18 U.S.C. § 3626(g)(2). Therefore, Plaintiff's instant action could not be brought "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Plaintiff asserts in his opposition to Defendant's [sic] motion to dismiss (Dkt.# 16):

The Plaintiff did, however [sic] exhaust all administrative remedies available to him by hiring a Wisconsin based law firm who attempted to resolve these issues for over two years; by writing the Defendants demanding resolution; and through numerous telephone conferences between the Defendants and the plaintiff's Ohio attorney and Plaintiff's wife. All to no avail. All prior to commencement of this action.

Further, the Plaintiff set forth these [sic] exhaustion of the available remedies in his complaint; under three, Unreasonable Delay, "B. Plaintiff's Attempt at Resolution."

Therefore, where Plaintiff did exhaust all available (meaningful) administrative remedies, the Defendants do not contest exhaustion of those administrative remedies; and any federal B.O.P. administrative remedies would be "futile," "inadequate," and serve no legal or administrative purpose, this action cannot be dismissed under the "PLRA."

---

**6.** If the gist of what Plaintiff alleges in the Complaint is true: that the Wisconsin defendants have unreasonably delayed and refused to act upon their detainer/warrant from May 13, 1997 until the present time, have never informed Plaintiff of their intentions as to the disposition of this matter, and have proximately caused the harms complained of in the Complaint, then this action is certainly a "civil action with respect to prison conditions" as that term is defined in 18 U.S.C. § 3626(g)(2). Congress therein defines this term to include "any civil proceeding arising under Federal law with respect to ... the effects of actions by government officials on the lives of persons confined in prison ..." *id.*

*McKart v. U.S.*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194.

Dkt.# 16 at 10–11.

The most obvious flaw in Plaintiff's above-quoted argument is that—contrary to Plaintiff's assertion—both the Wisconsin defendants and defendant Warden LaManna have indeed contested the issue of "exhaustion of those administrative remedies," and that in any event all defendants herein have moved to dismiss this action on that very basis.

Second, the additional problem with this argument is that Plaintiff relies on *McKart, supra,* in support of his assertion that any Bureau of Prison administrative remedies would be "futile," "inadequate," or serve no legal or administrative purpose, and that this action therefore cannot be dismissed under the PLRA. Since *McKart* was decided in 1969, the Supreme Court could not have opined on the PLRA of 1996 therein. Plaintiff's reliance in this regard is thus obviously misplaced.

Moreover, Plaintiff's argument is contrary to controlling Supreme Court and circuit court precedent.[7] In *White v. McGinnis*, 131 F.3d 593 (6th Cir.1997), the Sixth Circuit considered a prisoner's contention that the "inadequacy" of Michigan's grievance procedures excused the prisoner's failure to exhaust his administrative remedies before filing suit under § 1983, as required under 42 U.S.C. § 1997e(a).

The court rejected White's argument, and affirmed the district court's action of sua sponte dismissing the complaint without prejudice in part for failure to exhaust available state administrative remedies pursuant to 42 U.S.C. § 1997e(c)(2). The Sixth Circuit explained that it was affirm-

ing the dismissal "because plaintiff did not exhaust administrative remedies before filing suit as required under 42 U.S.C. § 1997e(a)." *Id.* at 595.

These same exhaustion requirements apply to federal prisoners seeking relief under the federal constitution or any other federal law. *See Gibbs v. Bureau of Prison Office*, 986 F.Supp. 941 (D.Md.1997). *Also see Alexander v. Hawk*, 159 F.3d 1321 (11th Cir.1998); *Davis v. Keohane*, 835 F.2d 1147 (6th Cir.1987) (per curiam) (*Bivens* action, which included request for injunctive relief, dismissed without prejudice for failure to exhaust administrative remedies before the BOP).

For the foregoing reasons, the Court concludes that the allegations of the complaint do not demonstrate that Plaintiff has properly exhausted his administrative remedies prior to filing this action, nor does it otherwise appear that such exhaustion has occurred. Plaintiff does not allege, nor does it otherwise appear to be the case, that he has pursued the "Appeals" described in 28 C.F.R. § 542.15(a), i.e., that he has exhausted his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). Therefore, this action must be dismissed without prejudice. *White*, 131 F.3d at 595.

### B. Immunity / 28 U.S.C. § 1915A Screening

28 U.S.C. § 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

7. In *Davis v. Keohane*, 835 F.2d 1147, 1148 (6th Cir.1987), a pre-PLRA case, the Sixth Circuit wrote: "Plaintiff states that exhaustion through the Bureau of Prisons is futile. This unsupported conclusion does not excuse plaintiff from complying with the exhaustion requirement which we pronounce in this case. [Citations omitted.] Only where the plaintiff has clearly shown that exhaustion would be futile or unable to afford him the relief he requests should exhaustion of remedies before the Bureau of Prisons be excused. *Cf. Goar v. Civiletti*, 688 F.2d 27 (6th Cir. 1982). For the foregoing reasons, the district court's judgment is hereby affirmed without prejudice to plaintiff's right to refile his suit should exhaustion of his administrative remedies not obtain the relief he requests."

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) **Definition.**—As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

 Under the PLRA, district courts are required to screen all civil cases brought by prisoners. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §§ 1915(e)(2) or 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612.

### 1. *Failure To State A Claim Upon Which Relief May Be Granted*

Defendants assert that Plaintiff's "failure to plead exhaustion" in the Complaint constitutes a failure to state a claim upon which relief can be granted. Defendants rely on *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 27, 141 L.Ed.2d 787 (1998). Dkt. # 12 at 10. Plaintiff insists that he has 1) pleaded exhaustion in his complaint and 2) in fact exhausted "all available (meaningful) administrative remedies." Dkt. # 16 at 10.

The Court again concludes that since the instant action is brought by a federal prisoner "with respect to the conditions of the confinement or the effects of actions by government officials on the lives of persons confined in prison," 18 U.S.C. § 3626(g)(2), Plaintiff was required to exhaust the administrative remedies that were available to him prior to bringing this action. *See* 42 U.S.C. § 1997e(a); *also see Davis,* 32 F.Supp.2d at 1078–79. Plaintiff has not refuted Defendants' contention that there is an "abundance" of administrative remedies for federal prisoners set forth in 28 C.F.R. § 542.10, and that Plaintiff has failed to plead any attempt to exhaust these remedies. Dkt. # 12 at 11.

For these reasons, the Complaint fails to pass muster under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and this Court should thus sua sponte dismiss the Complaint on this basis. *See McGore,* 114 F.3d at 612.

### 2. *Immunity*

Pursuant to 28 U.S.C. § 1915A(b)(2), in a complaint such as the one *sub judice,* in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), the district court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... seeks monetary relief from a defendant who is immune from such relief." To the extent that any claim for relief contained in the Complaint "seeks monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b)(2), the Court concludes that it would be required by § 1915A(b)(2) to dismiss such claim.[8]

## II. Dkt. # 17

In Dkt. # 17, at 4, Plaintiff requests the Court to deny defendant LaManna's motion to stay this proceeding until the Court conducts the screening mandated by 28 U.S.C. § 1915A(a), and to reconsider its previous Order (Dkt. # 15) dismissing the

---

**8.** The Court declines to decide at this juncture the question whether any claim for relief contained in the Complaint seeks monetary relief from a defendant who is immune from such relief.

Complaint. For the reasons stated above, and for the additional reasons stated in Dkt.# 15, the Court denies Plaintiff's requests.

### III. Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's requests for reconsideration set forth in the Motion For Reconsideration And Plaintiff's Response In Opposition To Defendant's Motion To Dismiss (Dkt.# 16) and in the Motion For Reconsideration And Plaintiff's Response In Opposition To Defendant LaManna's Motion To Stay Judicial Proceeding (Dkt.# 17).

**IT IS SO ORDERED.**