**Richard JACKSON, Plaintiff,**

v.

**George E. DeTELLA, et al., Defendants.**

**No. 97 C 258.**

United States District Court, N.D. Illinois, Eastern Division.

March 16, 1998.

Richard Jackson, Joliet, IL, pro se.

James H. Richards, Atty. Gen.'s Office, Chicago, IL, Susan Takata O'Leary, Illinois Dept. of Corrections, Chicago, IL, for Defendants.

## *MEMORANDUM OPINION AND ORDER*

LEINENWEBER, District Judge.

Plaintiff Richard Jackson, an inmate at Stateville Correctional Center, filed this *pro se* suit under 42 U.S.C. § 1983 against Warden George E. DeTella, Lieutenant John J. Ellena, Sergeants Null and Marcus McBryde, and Officers Ringhouser, Smith,

and Troy Dunlap. Jackson claims that Defendants sprayed him with a chemical agent, assaulted him, and took away his bedding and personal hygiene items without provocation. Defendants DeTella, Ellena, Dunlap, and McBryde filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6),[1] to which Jackson filed a response. For the reasons that follow, the court grants in part and denies in part Defendants' motion.

### STANDARD OF REVIEW

■ In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews–Bartlett & Assoc.,* 62 F.3d 967, 972 (7th Cir.1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County,* 854 F.2d 179, 182 (7th Cir. 1988).

### BACKGROUND

On April 19, 1995, an "incident" occurred between prison officials and inmates in Stateville's segregation unit, where Jackson was confined. Jackson claims that even though he was not involved in the "incident," Defendants went to Jackson's cell and Lieutenant Ellena sprayed him with a chemical agent. Jackson alleges that he put his arm through the "chuck hole" and Lieutenant Ellena twisted it and then put handcuffs on Jackson. Lieutenant Ellena then pulled Jackson from

---

1. Jackson attempted to serve Defendants Smith, Null, and Ringhouser at Stateville, but since they no longer work at the prison they were not served. In Jackson's response to Defendants' Motion to Dismiss, he claims that the unserved Defendants' worked at Stateville when the alleged incidents occurred. Since Jackson does not state a claim against Smith or Null, those Defendants are dismissed. *See Bonny v. The*

*Society of Lloyd's,* 3 F.3d 156, 162 (7th Cir.1993); *Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1304 (7th Cir.1988). Jackson does, however, sufficiently allege a claim against Ringhouser, warranting a further attempt to serve Ringhouser with process. Process shall be attempted on Ringhouser in accordance with the court's instructions at the conclusion of this opinion.

his cell by the handcuffs and Officers Ringhouser and Dunlap dragged Jackson to a stairwell and punched him in the head and body. Jackson was dragged down the stairs and put in a "cage," where he remained in pain for one hour. Afterward, he was taken to the prison hospital where a doctor examined him. Jackson had an X-ray taken of his left shoulder and the doctor entered a finding of "Neg" on an X-ray report. When Jackson returned to the segregation unit, his bedding and personal hygiene items were removed from his cell. Jackson claims that he remained in his cell "without anything" for eight days.

## ANALYSIS

### A. Assault on Jackson

Jackson sues all Defendants in their individual and official capacities, but he names only Ellena, Dunlap, and Ringhouser as participants in the alleged unconstitutional acts. In order to state a claim for personal liability under § 1983, Jackson must allege that Defendants were personally involved in the deprivation of his constitutional rights. *Whitford v. Boglino*, 63 F.3d 527, 530–31 (7th Cir.1995). Individual liability under § 1983 cannot be based on a theory of respondeat superior; instead, allegations of personal wrongdoing are essential to maintain such a claim. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988). The personal responsibility requirement is satisfied if the conduct causing the constitutional deprivation occurs at the direction of a defendant in a supervisory position or with his knowledge and consent. *Gentry v.. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995) (citing *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir.1985)).

Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the issue is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Jackson claims that, without provocation, Ellena sprayed him with a chemical agent and dragged him from his cell, and that Dunlap and Ringhouser beat him. Since Jackson makes no allegations about any involvement by DeTella, Null, Smith, or McBryde in the assault, nor any knowledge or consent on their part to the unconstitutional acts, they cannot be liable in their individual capacities. Therefore, Jackson's individual capacity claims against DeTella, Null, Smith, and McBryde are dismissed.

Defendants do not, however, deny Jackson's allegations of assault by Ellena, Dunlap, and Ringhouser, nor do they assert that they acted out of a good-faith effort to maintain prison discipline. Defendants instead make two arguments: (1) that Jackson failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), (Mot.Dismiss, p. 2), and (2) that Defendants are entitled to qualified immunity because they "performed discretionary functions" (Mot.Dismiss, p. 4). Concerning Defendants' first argument, the PLRA states that no action shall be brought until. "such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). That passage has been interpreted to mean that a prisoner can *only* exhaust administrative remedies that are *actually* available. *See Garrett v. Hawk*, 127 F.3d 1263, 1267 (10th Cir.1997) (§ 1997e(a) did not bar *Bivens* claim for monetary damages because no administrative remedies exist to be exhausted in such claims).

The grievance procedures in Illinois do not allow for the recovery of monetary damages, and no non-monetary relief was available for Jackson after the April 19, 1995 assault. Any grievance that Jackson might have filed after that date would have been futile; he had already been beaten. Since no *available* remedy existed through the grievance process, Jackson was not required to exhaust his administrative remedies before filing the case at bar. Jackson's claim for injunctive relief to prevent future assaults by Defendants is dismissed, however, as he has alleged no facts to suggest that he is in danger of imminent injury and thus his fear is too speculative to warrant injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S.

95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

■■■■ With respect to Defendants' second argument, they cannot find refuge in qualified immunity. Absent evidence that Defendants sought to establish order among inmates in good faith, there is nothing "discretionary" about spraying a prisoner with a chemical agent or punching him in the head and body. Furthermore, when prison officials maliciously and sadistically use force to cause harm, they violate the Constitution, whether or not significant injury is evident. *Hudson,* 503 U.S. at 9. A *de minimus* use of force, such as a push or shove, may not contravene constitutional standards. *Id.* However, Jackson alleges significantly more than such a minimal use of force. Therefore, the court denies Defendants' motion to dismiss Jackson's excessive force claim.

■■■■ The court now turns to Jackson's official capacity claims. Claims against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Because § 1983 does not recognize a theory of respondeat superior as a basis for liability, in order to succeed on an official capacity claim, a plaintiff must allege that he or she suffered injuries of a constitutional magnitude as the result of an official policy, custom, or practice. *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Since Jackson has not alleged that he was injured as a result of a policy, custom, or practice, his official capacity claim fails.

### B. Depriving Jackson of his Bedding and Personal Hygiene Items

■■■■ To prove that conditions of confinement amount to a constitutional violation, Jackson must satisfy a test that involves both a subjective and objective component. *Wilson v. Seiter,* 501 U.S. 294, 298–99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective prong concerns whether the conditions exceeded contemporary bounds of decency of a mature, civilized society. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992). The subjective component is met if a prison offi-

cial acts with deliberate indifference, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). If either the objective or subjective prong is not satisfied, Jackson cannot make out a conditions claim. *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir.1994).

■■■■ An eight-day deprivation of personal hygiene items is not unconstitutional if the deprivation was unintentional or resulted in no harm to the prisoner. *See Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988) (five-day neglect of prisoner's need for toilet paper, soap, tooth brush and tooth paste was not unconstitutional). Since Jackson alleges no harm as a result of the deprivation of his personal items, his claim must fail. Similarly, Jackson's allegation of lacking bedding for eight days does not rise to the level of a constitutional violation. *See Johnson v. Pelker,* 891 F.2d 136, 138 (7th Cir.1989) (two and a half days sleeping on a "slab of metal" not unconstitutional). Consequently, Jackson's claims concerning his bedding and personal hygiene items are dismissed.

### CONCLUSION

For the foregoing reasons, the court grants in part and denies in part Defendants' motion to dismiss [23]. Defendants DeTella, Null, Smith, and McBryde are dismissed from this action. Pursuant to this order, the issue that remains in this case is Jackson's Eighth Amendment claim of excessive force by Ellena, Dunlap, and Ringhouser. The Clerk is directed to issue alias summons for service on Defendant Ringhouser. The Clerk shall forward the alias summons and a copy of Jackson's USM–285 form and complaint to the United States Marshal, who shall make reasonable efforts to obtain Ringhouser's new address from Stateville and serve Ringhouser, without prepayment of costs. *See Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir.1995). Statements from Stateville officials that Ringhouser no longer works at Stateville does not excuse the Marshal from obtaining information in order to effect service. *Id.* Defendants Ellena and

Dunlap are given 20 days to answer or otherwise plead.