Willie HOLLIMON, Plaintiff,

v.

George E. DeTELLA, James M. Schumig, Unknown Curry, Unknown Fleming, Jane Doe, J. Day, and Unknown Iman, Defendants.

No. 96 C 3452.

United States District Court,
N.D. Illinois,
Eastern Division.

May 19, 1998.

Charles A. Wallace, Atty. General Office. Chicago, IL, for Plaintiff.

Susan Takata O'Leary, Dept. of Corrections, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff Willie Hollimon, a male who was formerly incarcerated in Stateville Correctional Center,[1] brings suit against various Stateville employees complaining that he was subjected to a strip search for the purpose of humiliating him, not for a penological purpose. He complains that he was subjected to ribald comments during the strip search and that, to further humiliate him, it was purposefully done with female guards present. The alleged incident occurred on May 10, 1996. Hollimon was granted leave to proceed *in forma pauperis,* with it being left open whether his claim was subject to dismissal because he claims only psychological injury and no physical injury. *See Hollimon v. Detella,* 1997 WL 45309 (N.D.Ill. Jan.30, 1997).

Defendants move to dismiss the action on the ground that plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). It is expressly alleged in plaintiff's complaint that there was a grievance procedure available at Stateville and that he did not file a grievance. He states in his complaint that he did not file a grievance because "[p]risoners' grievances are not honored by the Federal courts." In answer to the motion to dismiss, plaintiff contends there is no remedy for the allegation contained in his complaint; that grievance forms are not provided so he complained about the incident in the form of a letter; and that he was transferred out of Stateville in July 1996.

■ As amended effective April 26, 1996 by the Prison Litigation Reform Act ("PLRA"), § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." It has been questioned whether plaintiff's type of claim would be one "with respect to prison conditions," as is necessary for § 1997e(a) to be applicable. *Williams v. Washington,* 1997 WL 201579 *2

(N.D.Ill. April 16, 1997) *(dictum).* For purposes of another provision of the PLRA, the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

18 U.S.C. § 3626(g)(2). Courts have adopted this definition as applicable to § 1997e(a), *Evans v. Allen,* 981 F.Supp. 1102, 1105–06 (N.D.Ill.1997); *Morgan v. Arizona Department of Corrections,* 976 F.Supp. 892, 895–96 (D.Ariz.1997); *Martin v. Eneix,* 1997 WL 55961 *1 (N.D.Ill. Feb.3, 1997), or have otherwise reached holdings that would support finding § 1997e(a) to be applicable to plaintiff's type of claim, *see Graves v. DeTella,* 1997 WL 72080 *2 (N.D.Ill. Feb.13, 1997) (assault by other prisoners; deliberate indifference to medical care); *Hitchcock v. Nelson,* 1997 WL 433668 *1 (N.D.Ill. July 28, 1997) (failure to protect) *(dictum).* Since plaintiff's claim is based on the effect of actions by state officials on his life as a prisoner, his claim falls within the purview of § 1997e(a).

The Illinois Department of Corrections has a grievance procedure which requires an inmate to first discuss the incident or complaint with his counselor. If an inmate is unable to resolve the complaint informally, the inmate may file a written grievance on a grievance form within six months after the discovery of the incident, occurrence, or problem giving rise to the grievance. Each institution has one or more designated Grievance Officers who review such grievances. The Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer, *i.e.,* the Warden, within fifteen days, "whenever possible," and the warden is to advise the inmate of the decision within ten days after receipt of the Grievance Officer's report. In an emergency, an inmate may send the grievance directly to the Warden. If the Warden determines

---

1. At the time he filed this action in June 1996, plaintiff was still incarcerated at Stateville. He was later transferred to Menard Correctional Center where he is presently incarcerated.

that there is a substantial risk of imminent personal injury to the inmate, the grievance is to be decided within three days. The inmate may appeal the Warden's disposition of the grievance in writing to the Director of the Department of Corrections within 30 days of the Warden's decision. The Director reviews the grievance and the responses of the Grievance Officer and Warden, and determines whether the grievance requires a hearing before the Administrative Review Board. If it is determined that the grievance is meritless or can be resolved without a hearing, the inmate is to be advised of this disposition within 30 working days of receipt of the grievance. Otherwise, the grievance is referred to the Administrative Review Board, which may hold hearings and examine witnesses. The Board is supposed to submit a written report of its findings and recommendations to the Director within 30 working days of receipt of the grievance, "whenever possible." The Director then has ten days to make a final determination, again "whenever possible." 20 Ill. Adm.Code §§ 504.810–850; *Sanders v. Elyea,* 1998 WL 67615 *3 (N.D.Ill. Feb.10, 1998).

Plaintiff filed this lawsuit less than one month after the incident of which he complains. Therefore, at the time he filed this lawsuit, there was still time to file a written grievance which need only be filed within six months of the incident. Although the six-month period for filing a grievance has since run, it had not been exhausted by the time plaintiff filed this lawsuit.[2] Therefore, if there was an administrative remedy for plaintiff's present claim, his action would have to be dismissed without prejudice for failure to exhaust even if he could immediately file a new action because any available remedies are presently exhausted.

■ In his complaint, plaintiff requests monetary relief as well as "an injunction ordering that defendants or their agents refrain from committing such practices as alleged in this complaint." Plaintiff, however, only alleges a single incident. There are no allegations indicating that plaintiff is likely to again face the same treatment. Therefore, plaintiff lacked standing to seek an injunction and this case must be viewed simply as a claim for damages, even when first filed.[3] *Jackson v. DeTella,* 998 F.Supp. 901, 902 (N.D.Ill.1998).

■ The grievance procedure that was available to plaintiff does not allow the recovery of monetary damages. *Id.* Cases that consider the issue have consistently held that, where a prisoner is pursuing only monetary damages and the prison grievance procedure does not provide for monetary relief, the exhaustion requirement of § 1997e(a) does not apply. *Garrett v. Hawk,* 127 F.3d 1263, 1266 (10th Cir.1997); *Lunsford v. Jumao-As,* 139 F.3d 1233 (9th Cir.1998); *Jackson,* 998 F.Supp. at 904; *Sanders,* 1998 WL 67615 at *5–6; *Russo v. Palmer,* 990 F.Supp. 1047, 1050 (N.D.Ill.1998); *Polite v. Barbarin,* 1998 WL 146687 *2 (S.D.N.Y. March 25, 1998). Those cases will be followed, making the exhaustion requirement inapplicable to plaintiff's complaint which seeks only monetary damages. The exhaustion issue raised by defendants in their motion to dismiss is not a basis for dismissing plaintiff's cause of action.

■ In holding a *Spears* hearing and thereafter ruling on plaintiff's motion to proceed *in forma pauperis,* Magistrate Judge Pallmeyer indicated that 42 U.S.C. § 1997e(e)'s requirement that there be physical injury might be unenforceable because unconstitutional. On the motion for leave to proceed *in forma pauperis,* Judge Pallmeyer assumed § 1997e(e) would not bar plaintiff's

---

2. Since the time for filing a grievance had not yet run, it need not be decided if § 1997e(a), like the exhaustion provision for habeas corpus relief, treats a claim as waived if the claimant has procedurally defaulted before completing all steps of the administrative grievance procedure. Some courts have held that it contains no such provision. *See Graves v. DeTella,* 1998 WL 196459 *3 (N.D.Ill. April 17, 1998); *Mitchell v. Shomig,* 969 F.Supp. 487, 492 (N.D.Ill.1997).

3. Once plaintiff was transferred to another correctional facility, any possible claim for injunctive relief was clearly moot. The question presently before the court, though, is whether plaintiff's administrative remedies were unexhausted at the time he filed this suit. At that time, plaintiff was still incarcerated at Stateville.

claim, but also declined to resolve, on an unbriefed motion, the issue of the statute's constitutionality. Defendants do not raise the § 1997e(e) issue in their present motion. However, after defendants filed their present motion and brief, the Seventh Circuit rejected certain constitutional challenges to § 1997e(e). *See Zehner v. Trigg,* 133 F.3d 459 (7th Cir.1997). There would be no point in proceeding further if § 1997e(e) precludes any possible success. Defendants will be required to file a brief addressing whether this case is subject to dismissal based on § 1997e(e). That brief shall address the question of constitutionality discussed in Judge Pallmeyer's ruling. At the time that brief is filed, defendants shall send copies of that brief, Judge Pallmeyer's opinion, and today's opinion to the Attorney General of the United States and the United States Attorney for the Northern District of Illinois. *See* 28 U.S.C. § 2403(a); Fed.R.Civ.P. 24(c). Defendants shall also forward copies of any further briefs on this issue, including plaintiff's answer brief, to the Attorney General and United States Attorney.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [21–1] is denied. By June 8, 1998, defendants shall file a brief addressing the § 1997e(e) question. Plaintiff's answer brief shall be filed by June 29, 1998. Ruling will be by mail.