Brian JONES, Plaintiff,

v.

George E. DETELLA, et al., Defendants.

No. 97 C 6737.

United States District Court, N.D. Illinois, Eastern Division.

July 14, 1998.

---

## *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

This matter comes before this court on a motion filed by defendants Donald Harrington and Price (first name unknown) to dismiss plaintiff Brian Jones' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court denies defendants' motion to dismiss for the reasons outlined below.

## I. *BACKGROUND*

The complaint sets forth the following facts which, for the purposes of ruling on this motion, are taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Plaintiff Brian Jones is a prisoner at Stateville Correctional Center. On December 3, 1996, Jones was returning to his cell from recreation when he observed defendant correctional officer Harrington using excessive force on another inmate. When Jones objected, Harrington released the inmate and began to beat and choke Jones. At this time, defendant correctional officer Price pulled Harrington off of Jones and ordered Jones back into his cell. Jones complained to Price and other correctional officers about his injuries, but Jones did not receive medical attention. Harrington wrote a disciplinary report against Jones charging him with dangerous disturbance, assault and disobeying a direct order.

On December 9, 1996, a hearing was held concerning the charges against Jones. At the beginning of the hearing, Jones informed the members that he had not received a copy of the disciplinary report and he requested additional time to prepare a defense. Jones was denied this request as well as his request to call witnesses to testify on his behalf. Jones was found guilty and as a result: (1) lost three months of good time credit, (2) was committed to segregation for three months and (3) suffered a loss of privileges.

Jones filed a grievance against George Detella, the warden of Stateville Correctional Center. After receiving a response that his sentence was upheld, Jones appealed the decision to the Director of the Department of Corrections ("Director") who determined that a hearing should be held before the Administrative Review Board ("Board"). After the hearing, Jones did not receive a response from the Director or the Board. Jones twice wrote to the Board requesting a response, but he did not receive one. Jones has filed this complaint alleging violation of his Eighth and Fourteenth Amendment rights. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. *DISCUSSION*

### A. *Standard for a 12(b)(6) motion to dismiss*

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1019 (7th Cir.1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of

Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claim asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985). Finally, when reviewing pro se complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### B. *Exhaustion of remedies*

■ Defendants argue that Jones' complaint must be dismissed because he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. For the reasons outlined below, defendants' motion to dismiss is denied.

Section 1997e(a), as amended by the Prisoner Litigation Reform Act of 1995 ("PLRA"), precludes a prisoner from bringing any suit with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Civil actions concerning prison conditions include "any civil proceeding arising under Federal law with respect to ... the effects of actions by government officials on the lives of persons confined in prison." 18 U.S.C. § 3626(g)(2). The failure to exhaust all available administrative remedies requires the dismissal of a prisoner's complaint. *See Gary v. Illinois Dep't of Corrections*, No. 96 C 4367, 1996 WL 417549, at *1 (N.D.Ill. July 23, 1996). Jones must therefore have exhausted his administrative remedies prior to bringing this suit in order to survive defendants' motion to dismiss.

The Illinois Administrative Code requires that Jones file a grievance within six months of the occurrence which gives rise to the grievance. *See* ILL.ADMIN.CODE tit. 20, §§ 504.810. Jones alleges that he has "filed grievances, or otherwise provided notification to defendant" and that he has "filed grievances with Stateville grievance officer." The court must accept these allegations as true in ruling on defendants' Rule 12(b)(6) motion and therefore the court makes a reasonable inference that Jones has, in fact, filed a grievance.

The Illinois Administrative Code states that, after receiving an unsatisfactory response to the grievance, a prisoner may appeal to the Director within thirty days. *See* ILL.ADMIN.CODE tit. 20, § 504.850. Jones alleges that he appealed the decision to the Director who determined that a hearing should be held before the Board. The Administrative Code states that the Board shall submit to the Director a written report of its findings within sixty days after the prisoners' appeal, whenever possible. *See* ILL.ADMIN.CODE tit. 20, § 504.850. The Code further states that the Director shall, whenever possible, review the Board's findings, make a final determination within fifteen days of receiving the Board's report, and send a copy of the decision to the prisoner. *Id.*

Jones' hearing was held on December 9, 1996. According to the Administrative Code, the Board should have submitted a written report of their findings to the Director within sixty days, by February 7, 1997. The Director should have reviewed the Board's findings and made a final determination within fifteen days of receiving the Board's report, by February 22, 1997. A copy of this final decision should have then been sent to Jones. Jones filed his complaint on September 24, 1997, more than nine months after his hearing before the Board. Jones has pleaded that he twice contacted the Board after the hearing and did not receive a response. Jones should not be penalized by the court for inaction on the part of the Board or the Director.

The court holds that Jones' actions concerning his grievance meet the statutory requirement for exhaustion of administrative remedies. Jones has pleaded that he filed a grievance within six months and later appealed the decision to the Director. Without analyzing the weight of the evidence, Jones has pleaded sufficient facts to survive a motion to dismiss for failure to state a claim upon which relief may be granted. Accordingly, Jones has met his burden of stating a cause of action.

### III. CONCLUSION

For the foregoing reasons, the court denies defendants' motion to dismiss Jones' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants are given until July 31, 1998 to file an answer to the complaint. Having considered Jones' case, at this stage in the litigation the court will appoint him counsel pursuant to 28 U.S.C. § 1915.