30 F.Supp.2d 1168 (1998)
Jeffery C. SMITH, Plaintiff,
v.
Gene STUBBLEFIELD, et al., Defendants.
No. 4:98-CV-89 CAS.
United States District Court, E.D. Missouri, Eastern Division.
November 2, 1998.
*1169 Jeffery C. Smith, Pro se, Pacific, MO, David D. Farrell, Thompson Coburn, St. Louis, MO, for Jeffery C. Smith.
Bruce Farmer, Assistant Attorney General, Jefferson City, MO, John J. Lynch, Asst. Atty. General, St. Louis, MO, for Defendants.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on remaining defendant Lee's Motion to Dismiss Under the PLRA. The Court previously withheld ruling on the motion to dismiss, appointed counsel for plaintiff, and ordered the parties to brief several issues relevant to resolution of the motion.

Background.
Plaintiff, a state prisoner, asserts a claim under 42 U.S.C. § 1983 in a complaint filed February 19, 1998. Plaintiff asserts that defendant Lee failed to protect him from attack by another inmate, in violation of his Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks an unspecified amount of monetary damages.
Defendant moves to dismiss plaintiff's complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), which amended portions of 42 U.S.C. § 1997e. Section 1997e(a) provides in pertinent part:
No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
*1170 Because of a lack of binding precedent concerning the exhaustion requirement and other aspects of § 1997e, the Court appointed counsel for plaintiff and ordered the parties to file supplemental briefs on the following issues: (i) is administrative exhaustion a prerequisite to the Court's subject matter jurisdiction; (ii) is an action brought by an individual prisoner asserting a violation of the Eighth Amendment an action with respect to "prison conditions;" (iii) is monetary relief available to a prisoner under Missouri's prison grievance procedures; and (iv) does a prisoner have an "available" remedy within the meaning of the PLRA if he seeks only monetary damages and the Missouri prison grievance procedures do not authorize payment of monetary damages. The Court now turns to these issues.

Discussion.

A. Subject Matter Jurisdiction.
The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir.1987). As noted in the Court's order of May 22, 1998, there is no clear consensus in reported cases whether the administrative exhaustion requirement of § 1997e is jurisdictional.[1] Plaintiff contends that exhaustion does not affect a court's subject matter jurisdiction; defendant contends that it does.
The Court concludes the better-reasoned decisions hold that § 1997e is not jurisdictional. Although the Eighth Circuit has not yet discussed the issue, the Fifth Circuit recently addressed it in Underwood v. Wilson, 151 F.3d 292 (5th Cir.1998). The Fifth Circuit explained that "[a] statute requiring exhaustion of administrative remedies may be jurisdictional if it is `more than a codified requirement of administrative exhaustion' and contains `sweeping and direct' statutory language that goes beyond a requirement that only exhausted actions be brought." Id. 151 F.3d at 294 (quoting Weinberger v. Salfi, 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). After discussing examples of statutory schemes which have been held to impose a jurisdictional exhaustion requirement, the Court concluded that § 1997e(a), in contrast, contained "precisely the type of language held in Weinberger v. Salfi not to limit federal jurisdiction." Underwood, 151 F.3d at 294. This is because § 1997e(a) merely provides that "[n]o action shall be brought ... until such administrative remedies as are available are exhausted." See 42 U.S.C. § 1997e(a); see also Wright v. Morris, 111 F.3d 414, 420-21 (6th Cir.) (containing a similar analysis), cert. denied, ___ U.S. ___, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997); Lacey v. C.S.P. Solano Med. Staff, 990 F.Supp. 1199, 1202 (E.D.Cal.1997) (same). The Court finds this analysis persuasive.
In addition, the Fifth Circuit found its conclusion was supported by the provisions of 42 U.S.C. § 1997e(c)(1) & (2), under which a district court must screen prisoner complaints and dismiss those that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c)(1). The statute provides that a court may dismiss these categories of claims without requiring the plaintiff to exhaust administrative remedies. See 42 U.S.C. § 1997e(c)(2). The Court concluded that a district court "would not be empowered to do so if the exhaustion provision deprived the court of jurisdiction over the action." Underwood, 151 F.3d at 295 (citing Lacey, 990 F.Supp. at 1203 n. 4). This Court agrees that it would be inconsistent to mandate frivolity review in the absence of subject matter jurisdiction.
In contrast, some district courts have concluded the exhaustion requirement is jurisdictional, but have provided little or no analysis in support of this conclusion. See, e.g., Morgan v. Arizona Dept. of Corrections, 976 F.Supp. 892, 895 (D.Ariz.1997) (stating without analysis that failure to exhaust administrative remedies is a jurisdictional defect). Consequently, these decisions are not persuasive.
The Court will adopt the reasoning of Underwood, and hold that it has subject matter *1171 jurisdiction over this action, whether or not plaintiff has exhausted available administrative remedies.

B. Prison Conditions.
The next inquiry is whether this is an "action with respect to prison conditions." While § 1997e does not define this term, defendant contends that another section of the PLRA does contain such a definition. This portion of the PLRA, codified at 18 U.S.C. § 3626(g)(2), defines the term "civil action with respect to prison conditions" as "any civil proceeding arising under Federal Law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined to prison, but does not include habeas corpus proceedings ...." 18 U.S.C. § 3626(g)(2).
As defendant observes, several courts have applied the definition of 18 U.S.C. § 3626(g)(2) in determining whether the PLRA applies to a particular case. See, e.g., Jones v. Detella, 12 F.Supp.2d 824, 826 (N.D.Ill.1998); Lacey, 990 F.Supp. at 1205 n. 6; Morgan, 976 F.Supp. at 895-96 (applying definition to hold that Eighth Amendment failure to protect claim was a "prison conditions" case under § 1997e); Moore v. Smith, 18 F.Supp.2d 1360, 1363 (N.D.Ga.1998). In response, plaintiff states that the Eighth Circuit has not decided this issue, and assumes for purposes of his memorandum that his complaint falls under the PLRA.
The Court therefore does not need to decide this issue, and will assume without deciding that the instant action is a case with respect to prison conditions within § 1997e of the PLRA.

C. Request for Monetary Relief  "Available Remedies."
In response to the Court's order, defendant states that Missouri prison grievance procedures do not provide for an award of monetary damages to an inmate asserting a claim of personal injury. The resulting question is whether a plaintiff who seeks only monetary damages has "available" administrative remedies to exhaust within the meaning of § 1997e.
Defendant acknowledges various district court cases which hold that if a state grievance system does not provide for the administrative award of monetary relief, the grievance system is not "available" to a prisoner.[2] Defendant cites other cases, however, in which courts dismissed complaints for failure to exhaust, regardless of whether the state's grievance system permitted an award of monetary damages.[3] Defendant asserts that the PLRA directs prisoners to use available grievance procedures to the point of exhaustion, without regard to whether monetary relief is available, and argues that permitting claims for monetary damages to evade the exhaustion requirement will allow prisoners to do an end-run around Congress' intent to reduce the federal court's caseload of frivolous prisoner cases by first requiring administrative exhaustion.
Plaintiff argues that courts have overwhelmingly held the PLRA exhaustion requirement inapplicable to cases where a *1172 prisoner seeks only monetary relief and the administrative grievance process does not permit the award of money, because relief is therefore not "available" through the grievance process.[4] Plaintiff acknowledges Congress' intent to prevent prisoners from burdening the courts with suits over matters which can and should be handled administratively, but contends that Congress did not intend to require a prisoner to perform a futile exercise, as evidenced by its use of the language requiring exhaustion of "such administrative remedies as are available." 42 U.S.C. § 1997e(a) (emphasis added).
The parties' memoranda reflect that there is no consensus among the courts which have considered this issue. Since the parties' memoranda were filed, however, two courts have made persuasive arguments in favor of the line of cases requiring exhaustion where only monetary damages are sought. In Moore v. Smith, 18 F.Supp.2d 1360, the district court discussed several reasons why prisoners should be required to exhaust administrative remedies with respect to claims for monetary damages:
First, the plain language of § 1997e does not provide such a qualification. Indeed, the statute merely states that the prisoner must exhaust "such administrative remedies as are available." § 1997e(a). The most natural reading of this language leads to the conclusion that Congress was not asking courts to evaluate the sufficiency of the administrative remedies, but merely intended to require prisoners to utilize the existing administrative remedies, whether the grievance procedure will produce the precise remedy that the prisoner seeks or some other remedy.
Moore, 18 F.Supp.2d 1360, 1363.
Similar reasoning is applied in Funches v. Reish, 1998 WL 695904 (S.D.N.Y. Oct. 5, 1998), where the district court began its analysis by comparing the language of § 1997e as it existed prior to and after passage of the PLRA:
Prior to the passage of the PLRA, § 1997e granted district courts discretionary authority to dismiss 42 U.S.C. § 1983 cases for which the plaintiff had failed to exhaust "such plain, speedy, and effective administrative remedies as are available." ... The PLRA expanded § 1997e's coverage beyond § 1983 suits to actions under any federal law, removed discretion from district judges regarding whether to dismiss unexhausted claims, and amended § 1997e's exhaustion requirement by omitting the words "plain, speedy, and effective."
Funches, 1998 WL 695904, at *8.
The court in Funches considered the Supreme Court's pre-PLRA decision in McCarthy v. Madigan, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), which considered a district court's decision to dismiss a prisoner's Bivens claim for monetary damages because the prisoner had not exhausted his administrative remedies. After determining that Congress had not meaningfully addressed the appropriateness of requiring exhaustion, the Court used a balancing of interests analysis to determine if the case should go forward. The Court observed that § 1997e by its terms applied only to § 1983 suits, did not require dismissal of unexhausted claims but rather vested substantial discretion with district courts, and explicitly conditioned the exhaustion requirement on the availability of "effective administrative remedies." Id., 503 U.S. at 150, 112 S.Ct. 1081. The Court found that the absence of monetary relief in the Bureau of Prisons' administrative process counseled strongly against a judicially-imposed exhaustion requirement, but did not find the absence of such relief to be the determining factor. Id. 503 U.S. at 154, 112 S.Ct. 1081.
In contrast, the post-PLRA version of § 1997e is substantially different from the one considered by the Supreme Court in McCarthy. The statute now encompasses actions brought under any federal law, mandates dismissal of unexhausted claims, and does not mention the efficacy of a given administrative remedy. 42 U.S.C. § 1997e; Funches, 1998 WL 695904, at *8. The district *1173 court in Funches concluded that these changes compel the result that the exhaustion requirement is to be applied to all prisoner suits:
The nature of these amendments indicates that Congress intended to close the gaps discussed by the McCarthy Court and to impose a broad regime of statutorily-required exhaustion to all claims brought by federal prisoners. Furthermore, if deletion of the word "effective" is to be given any weight, we must assume that Congress intended to condition "prisoner suits on the exhaustion of such administrative remedies as are available, without regard to whether those remedies are `effective.'" (Citation omitted.)
Funches, 1998 WL 695904, at *8.
Another district court conducted a similar analysis, quoted the canon that "[w]hen Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect," and reached a similar conclusion:
[T]he court presumes that Congress now conditions prisoner suits on the exhaustion of such administrative remedies as are available, without regard to whether those remedies are "effective," without regard to whether they substantially comply with "minimum acceptable standards," and without regard to whether they are "just and effective."
Spence, 993 F.Supp. at 787 (quoting Stone v. I.N.S., 514 U.S. 386, 115 S.Ct. 1537, 1545, 131 L.Ed.2d 465 (1995), and the former version of § 1997e(a)).
The second reason why the § 1997e exhaustion requirement should not depend on the type of relief sought by a prisoner is that Congress' clear intent to create a broad exhaustion requirement would be easily thwarted if prisoners simply limited the relief requested in their complaints to monetary damages. Given the stated purpose of the PLRA to reduce the number of meritless prisoner cases clogging the federal courts, this Court agrees that "Congress did not intend to give prisoners the ability to circumvent available administrative remedies simply by asserting a claim for monetary damages." Moore, 18 F.Supp.2d 1360, 1364. Otherwise, "§ 1997e will have an extremely limited impact ...." Funches, 1998 WL 695904, at *9 (noting that the plaintiff originally sought both injunctive and monetary relief, but subsequently withdrew his claim for an injunctive remedy, apparently upon becoming aware of the "safe harbor" from the exhaustion requirement for monetary relief claims).[5]
Third, although a prisoner seeking monetary damages may be asserting a claim for a remedy that is unavailable through the prison grievance system, requiring the prisoner to exhaust an administrative grievance can offer benefits such that exhaustion is not a futile exercise. As the Supreme Court observed in McCarthy, exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." McCarthy, 503 U.S. at 145, 112 S.Ct. 1081. A correctional institution has "a substantial interest in encouraging internal resolution of grievances and in preventing the undermining of its authority by unnecessary resort by prisoners to the federal courts." Id. 503 U.S. at 155, 112 S.Ct. 1081. Further, judicial efficiency is promoted in two ways: First, it is possible some alternate form of relief may prove satisfactory to the prisoner, thus providing him or her with a prompt, inexpensive resolution of the claim, and mooting any potential lawsuit. Id. 503 U.S. at 145, 112 S.Ct. 1081; Moore, 18 F.Supp.2d 1360, 1364. Second, even if no administrative resolution occurs, the administrative procedure should produce a useful, relatively contemporaneous record for subsequent judicial consideration. McCarthy, 503 U.S. at 145, 112 S.Ct. 1081.
Finally, the prisoner's interests do not appear to be seriously compromised by requiring exhaustion because it is possible the grievance process may provide adequate, albeit substitute, relief, and the delay in filing a federal lawsuit occasioned by the process is limited to a period of ninety days.[6]Moore, 18 F.Supp.2d 1360, 1364; see Missouri Dept. of Corrections Inmate Rulebook, Ex. C to *1174 Def.'s Resp., Certified Inmate Grievance Procedure (IS 8-2.1).
This Court therefore finds persuasive the cases which hold that § 1997e imposes an administrative exhaustion requirement on prisoner claims for monetary relief only, and declines to follow those which refuse to apply that requirement.

D. Application to this Case.
As the Court has concluded that the administrative exhaustion requirements of § 1997e apply to this case, it must now determine whether plaintiff's claim for relief must be dismissed without prejudice for failure to exhaust administrative remedies.
The Missouri Department of Corrections inmate grievance procedure consists of four steps. See Certified Inmate Grievance Procedure (IS 8-2.1). First, an inmate may file an Informal Resolution Request (IRR) within fifteen days of the incident at issue, and a staff response is due thirty days after filing. Id. Second, if the inmate is not satisfied with the IRR response, he or she may file an Inmate Grievance form within five working days of the inmate's review of the IRR response. A staff response is due thirty days after filing. If no response is received within that time, the inmate may request an Inmate Grievance Appeal form. Id. Third, if the inmate is not satisfied with the grievance response, he or she may file an appeal within five working days of the response. Id. Fourth, if the inmate does not obtain a satisfactory response to the appeal, he or she may file a second appeal. Id.
A prisoner must pursue all available levels of administrative remedies in order to satisfy the exhaustion requirement of § 1997e, including appeals. See White v. McGinnis, 131 F.3d 593, 595 (6th Cir.1997); Morgan, 976 F.Supp. at 895; Mitchell v. Gomez, 1997 WL 305273, at *1 (N.D.Cal. 1997); Hernandez v. Steward, 1996 WL 707015, at *1 (D.Kan. Nov. 27, 1996); compare Irwin v. Hawk, 40 F.3d 347, 349 n. 2 (11th Cir.1994) (stating that a federal prisoner has not fully exhausted Bureau of Prisons administrative remedies until all three levels of appeal have been employed), cert. denied, 516 U.S. 835, 116 S.Ct. 112, 133 L.Ed.2d 64 (1995). Defendant asserts that Missouri's grievance procedure should be considered fully exhausted after completion of the first appeal, i.e., step three in the process. The Court agrees.
As previously discussed in the order of May 22, 1998, plaintiff's form complaint, signed under penalty of perjury, states that plaintiff filed a inmate grievance but did not receive a response thereto. (Complaint at 6-7.) Thus, plaintiff only alleges that he pursued steps one and two of the available grievance process and did not pursue an appeal at step three, which was available even if prison staff did not respond to plaintiff's grievance. Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is supported by the affidavit of Rowan Kloppe, grievance officer at the Missouri Eastern Correctional Center ("MECC"), whose duties include maintaining custody of the original records of grievances filed by inmates at MECC, where plaintiff is incarcerated. (Ex. A to Def.'s Mot. Dismiss.) Mr. Kloppe avers that he reviewed MECC's grievance records on and after the date of the incident plaintiff complains of, and found that plaintiff had filed no grievances. (Kloppe Aff., ¶¶ 3-4.) Plaintiff did not respond to the motion to dismiss.
There is nothing in the record to demonstrate that plaintiff exhausted the available administrative remedies. Plaintiff's allegations concerning the steps he took toward exhaustion show that his efforts were incomplete and did not constitute exhaustion as required under § 1997e. Under these circumstances, the record lacks a factual basis for the Court to reasonably find that plaintiff fully exhausted the administrative remedies available to him through the Missouri Department of Corrections.[7]Compare Hernandez, 1996 WL 707015, at *1; see also *1175 Chambers v. Schriro, 163 F.3d 601 (E.D.Mo. 1997) (dismissing some of prisoner's claims in § 1983 action for failure to exhaust administrative remedies under § 1997e, where plaintiff made conclusory assertions in his complaint that he filed grievances, and defendants' responsive affidavit stated that plaintiff had filed grievances on some of his claims but not on others).
The language of § 1997e(a), that "no action shall be brought with respect to prison conditions" until all available remedies are exhausted, "should be interpreted to mean precisely what is obviously intended  that a federal court should not prematurely `decide' the merits of any such action. Federal courts should not adjudicate any such claim until after exhaustion unless the complaint" falls within the scope of § 1997e(c)(2). Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, ___ U.S. ____, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998).
The Court concludes plaintiff has failed to establish that he exhausted all available administrative remedies prior to bringing suit, as required by 42 U.S.C. § 1997e, and therefore defendant's motion to dismiss should be granted.

Conclusion.
For the foregoing reasons, the Court concludes that it has subject matter jurisdiction over this case, plaintiff is required to exhaust all available administrative remedies in the Missouri Department of Corrections prior to filing suit under § 1983, and plaintiff has failed to establish that he has exhausted those remedies. The Court will therefore grant defendant's motion and dismiss this action without prejudice.
The Court expresses its appreciation to counsel in this case, particularly to appointed counsel, for their diligent and useful efforts in response to the Court's prior order.
Accordingly,
IT IS HEREBY ORDERED that defendant Lee's Motion to Dismiss Under the PLRA is GRANTED. [Doc. 12]
NOTES
[1] Compare Lacey v. C.S.P. Solano Med. Staff, 990 F.Supp. 1199, 1202 (E.D.Cal.1997) (administrative exhaustion requirement of PLRA is not a jurisdictional prerequisite to a prisoner's suit under Section 1983); with Morgan v. Arizona Dept. of Corrections, 976 F.Supp. 892, 895 (D.Ariz. 1997) (administration exhaustion is a jurisdictional prerequisite).
[2] See, e.g., Hollimon v. DeTella, 6 F.Supp.2d 968, 970 (N.D.Ill.1998); Lacey v. C.S.P. Solano Med. Staff, 990 F.Supp. 1199, 1202 (E.D.Cal.1997); Polite v. Barbarin, 1998 WL 146687, at *2 (S.D.N.Y. Mar. 25, 1998); see also Garrett v. Hawk, 127 F.3d 1263, 1266 (10th Cir.1997) (holding that Bivens plaintiff did not have to exhaust administrative remedies where, under applicable procedures, a federal inmate's complaint seeking purely monetary damages is rejected as improper for administrative review); Lunsford v. Jumao-As, 155 F.3d 1178 (9th Cir. 1998) (holding that Bivens plaintiff was not required to exhaust administrative remedies where Administrative Remedy Program provided only for injunctive relief).
[3] Defendant cites Spence v. Mendoza, 993 F.Supp. 785, 787-89 (E.D.Cal.1998); Holmes v. Rekosik, 1997 WL 321740, at *1 (N.D.Ill.1997). See also Gibbs v. Bureau of Prison Office, 986 F.Supp. 941 (D.Md.1997) (Bivens action); Bearden v. Godfrey, 1998 WL 456294, *1 (N.D.Cal. July 27, 1998).

The Court notes that while the Eighth Circuit has not addressed this issue in a published opinion, in an unpublished per curiam decision, the Court affirmed the dismissal of a prisoner's § 1983 action for failure to exhaust administrative remedies under the PLRA, despite the prisoner's argument that the matters in his complaint were not grievable under applicable prison regulations. See Robinson v. Jordan, 162 F.3d 1165, 1166, (8th Cir.1998) (per curiam). It is not clear what type of relief the plaintiff sought in Robinson.
[4] Plaintiff cites Jackson v. DeTella, 998 F.Supp. 901, 904 (N.D.Ill.1998) and a number of other decisions from the Northern District of Illinois; Polite v. Barbarin, 1998 WL 146687, *2 (S.D.N.Y. 1998); Lunsford v. Jumao-As, 139 F.3d 1233, 1233 (9th Cir.1998) (Bivens action), withdrawn, Lunsford v. Jumao-As, 155 F.3d 1178 (9th Cir. 1998); Garrett v. Hawk, 127 F.3d 1263, 1266 (10th Cir.1997) (Bivens action).
[5] In this Court's experience, virtually all prisoner § 1983 actions both pre- and post-PLRA seek monetary relief, and many seek only monetary relief.
[6] The Missouri Department of Corrections grievance procedure has a ninety-day time limit for completing full grievance review. See Certified Inmate Grievance Procedure (IS 8-2.1) at 30-32. This time limit is waived if an inmate chooses to pursue a voluntary second grievance appeal. Id. at 32.
[7] The Sixth Circuit has placed the burden squarely on a prisoner to allege and show that all available state administrative remedies have been exhausted, directing prisoners to attach to their § 1983 complaints the administrative decision showing the disposition of grievances. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, ___ U.S. ____, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998).